BRYAN SCHRODER
United States Attorney

KAREN VANDERGAW
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: karen.vandergaw@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DONALD RAY KENDRICKS JR., ) <br> ) <br> Defendant. ) <br> ) | Case No. 3:19-cr-00029-SLG-DMS |

**OPPOSITION TO DEFENDANT'S SECOND MOTION FOR BAIL REVIEW HEARING (ECF No. 72)**

COMES NOW the United States of America, by and through undersigned counsel, and hereby files this Opposition to Defendant's Second Motion for Bail Review Hearing at Docket 72. For the reason stated herein, the Court should deny the motion.

The District Court denied the defendant's first motion for release on August 5, 2020. ECF No. 72. The defendant has now been infected with COVID-19. ECF No.73.

As discussed at length in the District Court's order denying the previous motion for release, the defendant has not clearly shown exceptional reasons for release. ECF No. 70. Additionally, the defendant has not provided any evidence that he would be release from his state-imposed prison sentence even if this Court grants his release. At the time of the bail review hearing, the defendant will have been infected with COVID-19 for at least one week.

## I. LAW & ARGUMENT

The Bail Reform Act 18 U.S.C. § 3143(a)(2) requires a court to detain a defendant who been found guilty of a drug offense with a maximum sentence of at least ten years and who is awaiting imposition of a sentence, unless the court finds either (1) the defendant is likely to prevail on a motion for acquittal or new trial, or (2) the government is not seeking a custodial sentence. In addition, the defendant must also prove by clear and convincing evidence that the defendant is not likely to flee or pose a danger to others. 18 U.S.C. § 3143(a)(2). The defendant is subject to detention pursuant to § 3143(a)(2) based on the drug crimes to which he has pleaded guilty.

In denying the defendant's last motion for release, the District Court determined that the Bail Reform Act's 18 U.S.C. § 3145 could apply if the defendant clearly proved that there are "exceptional reasons why such person's detention would not be appropriate." ECF No. 70 (citing 18 U.S.C.§ 3145). "Hardships that commonly result from imprisonment do not meet the [exceptional circumstances] standard. The general rule must remain that conviction for a covered offense entails immediate incarceration.

Opp. to Motion for Bail Review
*United States v. Kendricks*
3:19-cr-00029-SLG-DMS

Case 3:19-cr-00029-SLG-MMS   Document 75   Filed 11/12/20   Page 2 of 4

Only in truly unusual circumstances will a defendant whose offense is subject to the statutory provision be allowed to remain on bail [.]" ECF No. 70, quoting *United States v. Garcia*, 340 F.3d 1013, 1022 (9th Cir. 2003).

The District Court already made findings that the defendant is at an increased risk for more severe symptomology if the defendant's contracted COVID-19, yet, still denied his release because there is no evidence of "exceptional risks." ECF No. 70 at 10. Now, still without presenting any additional evidence, the defendant has contracted COVID-19, thus neutralizing his argument that he should be released to avoid contracting it.

Furthermore, if the defendant were released, the possibility that he could spread the virus, makes him a greater risk of danger to the community than he was when he argued for his release two months ago. The defendant argues that he could be released to the House of Transformation, assuming the State of Alaska is willing to allow the defendant to serve the remainder of his prison sentence in the community. However, the House of Transformation is home to several people who tested positive COVID-19 as recently as November 8, 2020, according to United States Probation. United States v. Cenen Placencia, No. 3:19-CR-00142-001-RRB-DMS, ECF No. 60 at *2 (D. Alaska Nov. 12, 2020). Additionally, House of Transformation is not unique in this regard, as COVID-19 cases are also present at Clithroe Treatment Center, Cordova Center, and Northstar Center. Michelle Boots, <u>Coronavirus outbreak in Alaska's largest prison accelerates</u>, Anchorage Daily News, Nov. 9, 2020 at https://www.adn.com/alaska-news/2020/11/09/coronavirus-outbreak-in-alaskas-largest-prison-accelerates/. Thus, the

defendant failed to meet his burden to show that exceptional reasons exist that would make his continued incarceration inappropriate when COVID-19 cases exist in the facility he is requesting to be released into and he has already been infected. The defendant has not yet argued what risks exists to him now that he has already tested positive for COVID-19 that would clearly rise to the level of "exceptional reasons." Therefore, the defendant's motion should be denied.

## II. CONCLUSION

The defendant's request to be released should be denied. The defendant has again failed to present evidence justifying his release under the bail reform act.

RESPECTFULLY SUBMITTED this 12th day of November, 2020, in Anchorage, Alaska.

BRYAN SCHRODER
United States Attorney

*s/ Karen Vandergaw*
KAREN VANDERGAW
Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on November 12, 2020,
a true and correct copy of the foregoing
was served on the following:

Michelle Nesbett – defense counsel

*s/ Karen Vandergaw*
Office of the U.S. Attorney